S07A0017. PIPKIN et al. v. BOGGS et al.
(644 SE2d 861)

SEARS, Chief Justice.

This appeal involves an interlocutory injunction issued in a dispute over a land development contract. On February 9, 2006, Timothy B. Boggs filed suit against F.W. Pipkin, Sr. and others in the

---

Long County Superior Court, asserting breach of contract and related claims. According to Mr. Boggs, Mr. Pipkin reneged on a written contract granting Mr. Boggs the exclusive right to develop 55 lots of Mr. Pipkin's property. The complaint requested money damages, specific performance, and interlocutory and permanent injunctive relief barring Mr. Pipkin from allowing anyone else to develop the 55 lots in question. Following a hearing, the trial court entered a July 21, 2006 order granting Mr. Boggs's request for an interlocutory injunction. Mr. Pipkin and another defendant appealed.

1. Appellants contend the trial court erred by making final findings of fact and conclusions of law in its order granting the interlocutory injunction. This argument is meritless. Findings of fact and conclusions of law made in connection with the grant or denial of an interlocutory injunction are, by definition, preliminary in nature and subject to change based on the evidence and argument presented at later stages of the proceedings. Moreover, not only do findings of fact and conclusions of law "facilitate appellate review and promote just and speedy resolution of appeals,"[1] they are affirmatively required in connection with a ruling granting or denying an interlocutory injunction when requested by a party.[2] Far from constituting reversible error, this Court greatly appreciates the trial court's voluntary inclusion of written findings of fact and conclusions of law in its July 21, 2006 order. Accordingly, we reject appellants' claim of error.

2. We have examined Mr. Pipkin's remaining enumerations of error, including his contention that the trial court erred in finding Mr. Boggs would suffer irreparable harm if the interlocutory injunction were denied. We find them all to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 2007.

*Killian & Boyd, Robert P. Killian,* for appellants.
*Arnold, Stafford, Randolph & Schaefer, Jeffery L. Arnold, H. Craig Stafford, Tyler L. Randolph,* for appellees.

---

[1] *In re Marr,* 194 SW3d 490, 496 (Tenn. Ct. App. 2005).
[2] OCGA § 9-11-52 (a) ("In ruling on interlocutory injunctions . . . , the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law.").